IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LOUISE M. GOULD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 11-0730-WS-C |
| | ) |
| TRANSAMERICA LIFE INSURANCE COMPANY, et al., | ) |
| | ) |
|     Defendants. | ) |

ORDER

This matter is before the Court on the motion of the corporate defendant ("Transamerica") to dismiss. (Doc. 3). The parties have filed briefs in support of their respective positions, (Docs. 3, 13, 15), and the motion is ripe for resolution. After carefully considering the foregoing, the Court concludes that the motion is due to be granted in part and denied in part.

BACKGROUND

According to the complaint, the plaintiff purchased from Transamerica in 1992 what was marketed to her as a long-term care insurance policy. In 2010, the plaintiff was admitted to a facility to meet her daily living and medical needs. Transamerica denied her claim for benefits on the grounds that the facility did not meet the criteria of a "nursing home" as defined in the policy.

Counts One and Two of the complaint allege, respectively, breach of contract and bad faith failure to pay benefits. Transamerica does not seek dismissal of these claims but does seek dismissal of the remaining claims. Count Three alleges intentional and/or negligent misrepresentation, Count Four alleges fraudulent suppression and concealment, Count Five alleges negligence, Count Six alleges negligent hiring/training/supervision,

[1]

and Count Seven alleges unjust enrichment.  Transamerica's motion is based on Rule 12(b)(6) for failure to state a claim on which relief can be granted.

## DISCUSSION

### A. Fraud Claims.

Transamerica first argues that these claims are barred by Alabama's two-year statute of limitations.  Its theory is that this period begins to run in a fraud case when the plaintiff receives a copy of the policy and the policy contradicts the allegedly fraudulent statements or places the insured on inquiry.  (Doc. 3 at 4).

"Dismissal under Federal Rule of Civil Procedure 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred."  *Tello v. Dean Witter Reynolds, Inc*., 410 F.3d 1275, 1288 (11th Cir. 2005) (internal quotes omitted).  Transamerica cannot meet this standard.  First, the complaint does not allege when the plaintiff received the policy.  Second, the complaint does not attach or incorporate the policy; moreover, Transamerica has offered no showing of what the policy actually says and thus has failed to show the necessary tension between representations and policy language.

Transamerica argues that its alleged misrepresentations are not false and/or amount only to non-actionable puffing.  (Doc. 3 at 4-6).  But the claim does not rest, as Transamerica supposes, only on assertions the plaintiff was falsely told that she was purchasing a long-term care policy and that it would bring her peace of mind.  According to Count III, the false representations are (or include) that the purchased policy would provide "comprehensive coverage and protection" and that, by purchasing certain additional riders, the plaintiff would have "comprehensive and maximum" long-term care insurance.  (Complaint at 9).  Transamerica does not address these express allegations, and it cannot win the dismissal of Count III on this ground without doing so.

Count III does rest in part on an alleged misrepresentation that the plaintiff was purchasing a long-term care policy.  (Complaint at 9).  Transamerica  appears to believe

[2]

that this representation could not have been false because the complaint reflects that the application, the policy and the coverage identification cards all utilize the term "long term care." (Doc. 3 at 4-5). Regardless of what Transamerica chose to call the coverage, the complaint alleges that the policy did not provide long-term care coverage because the coverage did not meet the definition of such coverage as provided by Alabama statute. (Complaint at 3).

In its reply brief, Transamerica first acknowledges Count III's reliance on the Alabama statute and insists the policy is not inconsistent with the statute. (Doc. 15 at 3-4). The Court generally does not address arguments first raised in a reply brief.[1] At any rate, and as noted above, Transamerica has not produced the policy for the Court to assess arguments concerning its contents. Nor is Transamerica's superficial treatment of the Alabama statute (a different section than that to which the complaint cites) adequate to support an argument in favor of dismissal.

Count IV alleges that Transamerica fraudulently suppressed: that it would treat the policy as a "nursing home only" policy; that the policy was not (contrary to its marketing pitch) a long-term care policy providing comprehensive coverage and protection; that benefits would be paid only for eligible costs incurred in a nursing home; and that Transamerica would not adhere to the policy language but would unilaterally misconstrue

---

[1] *See Park City Water Authority v. North Fork Apartments, L.P.*, 2009 WL 4898354 at *1 n.2 (S.D. Ala. 2009) (citing cases from over 40 districts applying the rule in 2009 alone). The Eleventh Circuit follows a similar rule. *E.g., Herring v. Secretary, Department of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we have repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotes omitted).

The Court has identified some of the reasons supporting the rule. "In order to avoid a scenario in which endless sur-reply briefs are filed, or the Court is forced to perform a litigant's research for it on a key legal issue because that party has not had an opportunity to be heard, or a movant is incentivized to save his best arguments for his reply brief so as to secure a tactical advantage based on the nonmovant's lack of opportunity to rebut them, this Court does not consider arguments raised for the first time in a reply brief." *Hardy v. Jim Walter Homes, Inc.*, 2008 WL 906455 at *8 (S.D. Ala. 2008).

such language for its own benefit. (Complaint at 10). According to Transamerica, "[a]ll" the plaintiff alleges is that Transamerica suppressed that it intended to breach the policy. (Doc. 3 at 7). Transamerica's position cannot be squared with the summary of Count IV just provided, which includes the assertion that Transamerica suppressed its view that the policy was not as broad as advertised (thus requiring no breach in order to deny benefits). Transamerica does not address this portion of Count IV and thus cannot obtain dismissal of it.

With respect to those portions of Count IV asserting that Transamerica suppressed its intention not to honor the policy terms, Transamerica scoffs that it could not possibly have known beforehand that it would deny the plaintiff's future claim for benefits. (Doc. 3 at 7). But of course an insurer may possess in advance an intent not to pay policy benefits should a claim arise, and Transamerica does not refute this proposition, either in general or in light of the complaint's allegations.

Finally, Transamerica argues that the plaintiff cannot show she reasonably relied on either its alleged misrepresentations or its alleged suppressions. (Doc. 3 at 8-9). Transamerica relies on an asserted contradiction between the alleged statements and omissions on the one hand and the language of the policy on the other. (*Id*. at 8). Again, however, there is no copy of the policy before the Court and thus no way to determine the existence and extent of the inconsistency for which Transamerica contends.

### B. Negligence.

Count V alleges that Transamerica breached duties "surrounding the sale and administration of the policy at issue." (Complaint at 11). Transamerica posits that this claim accrued, and the two-year limitations period began to run, when the plaintiff first paid premiums in 1992. (Doc. 3 at 9). Assuming without deciding that this claim accrued in 1992, the running of the limitations period for negligence and other non-fraud actions depends on the application of Alabama Code § 6-2-3. *E.g., DGB, LLC v. Hinds*,

55 So. 3d 218, 224-25 (Ala. 2010). Without successfully addressing that statute, Transamerica cannot obtain dismissal of Count V on limitations grounds.[2]

Transamerica also argues that Count V is merely a claim for negligent claim handling, which Alabama does not recognize as a cause of action. (Doc. 3 at 10). According to the plaintiff, however, the negligence for which she sues precedes her claim for benefits, (Doc. 13 at 8-9), and Transamerica has not shown this to be incorrect.

In its reply brief, Transamerica for the first time argues that Count V should fail because it lacks any factual basis. (Doc. 15 at 5). For reasons set forth in Part A, the Court will not consider this belated argument.

### C. Negligent Hiring/Training/Supervision.

Count VI is based on Transamerica's conduct with respect to its agent and co-defendant, who marketed and sold the policy to the plaintiff. (Complaint at 11). Transamerica's only argument is the statute of limitations, as to which it relies on its briefing concerning Count V. (Doc. 3 at 10-11). As discussed in Part B, that briefing is inadequate to support Transamerica's motion.

In its reply brief, Transamerica again raises as a new argument that this claim lacks adequate factual pleading. (Doc. 15 at 5). And again, the Court declines to consider this untimely argument.

### D. Unjust Enrichment.

Count VII alleges that the defendants have been unjustly enriched at the plaintiff's expense as a result of their improper conduct. (Complaint at 12). As Transamerica notes,

---

[2] Transamerica appears to attempt to do so in its reply brief. (Doc. 15 at 6). However, it again relies on the plaintiff's receipt of the policy and the inconsistency between the policy and Transamerica's statements and/or the plaintiff's understanding. Again, however, neither the plaintiff's receipt of the policy nor the content of the policy has been established for purposes of this motion.

(Doc. 3 at 11), it is not possible to have a viable unjust enrichment claim when there is an express contract as to the same subject matter. *E.g., White v. Microsoft Corp.*, 454 F. Supp. 2d 1118, 1132-33 (S.D. Ala. 2006). The plaintiff concurs but insists she may properly plead inconsistent claims under Rule 8(d)(3). (Doc. 13 at 9). No doubt she may, but she has not done so. Count VII explicitly "adopts and incorporates all previous allegations in full," (Complaint at 11), which necessarily includes the allegation that there is an express policy of insurance between the plaintiff and Transamerica. (*Id*. at 1). Given that Count VII thus alleges an express contract covering the same subject matter, the plaintiff's unjust enrichment claim must fail as a matter of law. *E.g., DeGreer v. Gillis*, 707 F. Supp. 2d 784, 798-99 (N.D. Ill. 2010) ("While quantum meruit and breach of contract claims can be pleaded in the alternative, Count VII incorporates by reference the complaint's other allegations, including those regarding his agreement with the defendants," such that "Count VII has been improperly pleaded and must accordingly be dismissed").

## CONCLUSION

For the reasons set forth above, Transamerica's motion to dismiss is **granted** with respect to Count VII. Count VII is **dismissed**. In all other respects, the motion to dismiss is **denied**.

DONE and ORDERED this 15th day of February, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE