IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LOUISE M. GOULD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0730-WS-C |
| | ) |
| TRANSAMERICA LIFE INSURANCE | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's "notice of clarification or, in the alternative, for leave to amend." (Doc. 64). The entity defendant ("Transamerica") filed a response, (Doc. 67), the plaintiff declined the opportunity to file a reply, (Doc. 65), and the motion is ripe for resolution.

Count Two of the complaint is styled, "bad faith failure to pay benefits." (Doc. 1 at 9). The plaintiff states that, in reviewing Transamerica's motion for summary judgment, she noticed that Transamerica addressed only the "normal" form of the tort. Her "notice of clarification" asserts that the complaint implicates both the "normal" and "abnormal" forms of the tort. However, "[i]n the event Transamerica claims that Plaintiff does not allege conduct considered 'abnormal' bad faith conduct," the plaintiff moves for leave to amend the complaint to more specifically invoke the "abnormal" branch of the tort. (Doc. 64 at 3).

Transamerica does in fact deny that the complaint includes a claim of "abnormal" bad faith. (Doc. 67 at 1-3). Thus, the plaintiff's motion for leave to amend is triggered.[1]

---

[1] Although the style of the plaintiff's filing omits the word "motion" regarding leave to amend, she repeatedly uses that term in the body of the filing. (Doc. 64 at 2, 4).

When, as in this case, the time for amendment as of right has passed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  However, the plaintiff's motion was also filed past the deadline established in the scheduling order for such motions,[2] and such "[a] schedule shall not be modified except upon a showing of good cause."  Fed. R. Civ. P. 16(b); *accord Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).  Accordingly, the plaintiff must first show good cause for her failure to comply with the scheduling order.  *Id*. at 1419 ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).").

"This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee notes).  The plaintiff does not address this standard, or even acknowledge the existence of Rule 16(b).  Nor can she satisfy the "diligence" standard, as she concedes she was fully aware of a claim for "abnormal" bad faith at the time she filed her complaint.

For the reasons set forth above, the plaintiff's motion for leave to amend the complaint is **denied**.  No party has moved the Court to determine whether the complaint as it now stands incorporates a claim of "abnormal" bad faith, and the Court therefore does not consider that question.  *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

DONE and ORDERED this 24th day of October, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The plaintiff's deadline for filing motions for leave to amend the pleadings passed on April 13, 2012.  (Doc. 19 at 1-2, ¶ 4).