IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LOUISE M. GOULD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0730-WS-C |
| | ) |
| TRANSAMERICA LIFE INSURANCE | ) |
| COMPANY, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion for a determination whether the complaint encompasses an "abnormal" bad faith claim. (Doc. 81). The entity defendant ("Transamerica") has filed a response, (Doc. 91), and the motion is ripe for resolution.[1]

Count Two of the complaint is for "bad faith failure to pay benefits." (Doc. 1 at 9). The parties agree that Count Two implicates the "normal" form of the tort, i.e., an intentional failure to pay benefits without a debatable reason for the denial. They disagree as to whether it also implicates the "abnormal" version.

> To this date, the abnormal cases have been limited to those instances in which the plaintiff produced substantial evidence showing that the insurer (1) intentionally or recklessly failed to investigate the plaintiff's claim; (2) intentionally or recklessly failed to properly subject the plaintiff's claim to a cognitive evaluation or review; (3) created its own debatable reason for denying the plaintiff's claim; or (4) relied on an ambiguous portion of the policy as a lawful basis to deny the plaintiff's claim.

---

[1] The Court has also considered the parties' briefing on the plaintiff's "notice of clarification or, in the alternative, for leave to amend," (Docs. 64, 67, 77), as these filings first raised the issue, and as the instant motion invokes them. (Doc. 81 at 2).

*State Farm Fire & Casualty Co. v. Slade*, 747 So. 2d 293, 306-07 (Ala. 1999).

After incorporating all previous allegations of the complaint, Count Two alleges as follows:

> As described herein, Transamerica wrongfully denied Plaintiff's legitimate claim for long term care benefits due in bad faith and without proper justification. Despite the fact that Plaintiff satisfied all criteria and definitions of her Long Term Care insurance policy, Transamerica wrongfully denied Plaintiff's claim for benefits in the manner set forth in this Complaint.

(Doc. 1, Exhibit B, ¶ 26). The Court thus must review "the manner [of wrongful denial] set forth in" the complaint.

The complaint alleges that the plaintiff's family, her physicians, and personnel with the plaintiff's health care facility "repeatedly and convincingly demonstrated" to Transamerica that the services the plaintiff received, and the facility in which they were received, satisfied policy requirements but that Transamerica nevertheless "continues to deny Plaintiff's claim in bad faith and in disregard to the facts and policy language." (Doc. 1, Exhibit B, ¶ 19). In abnormal bad faith cases, "[a] defendant's knowledge or reckless disregard of the fact that it had no legitimate or reasonable basis for denying a claim may be inferred and imputed to an insurer when it has shown a reckless indifference to facts or proof submitted by the insured." *Ex parte Simmons*, 791 So. 2d 371, 379 (Ala. 2000) (internal quotes omitted); *see also Blackburn v. Fidelity and Deposit Co.*, 667 So. 2d 661, 673 (Ala. 1995) (abnormal bad faith claim based on fact that the defendant "ignored other information as it became available"). By alleging that Transamerica disregarded proof submitted by the insured and those associated with her, the complaint implicates the abnormal form of bad faith.

The complaint also alleges that Transamerica "exercised bad faith in that at no time did it ever attempt to reference or utilize the policy provision quoted above." (Doc. 1, Exhibit B, ¶ 20). An abnormal claim of bad faith can be based on the insurer's ignoring of unambiguous policy provisions. *Blackburn*, 667 So.

2d at 673 (abnormal bad faith claim based on "unambiguous policy provisions … that [the defendant] ignored"). By alleging that Transamerica ignored a key policy provision, the complaint implicates the abnormal form of bad faith.

The complaint also alleges that Transamerica "further exercised bad faith by unilaterally contending that certain portions of the policy's Nursing Home definition were somehow 'primary' or trumped others when there is no basis to make such a contention." (Doc. 1, Exhibit B, ¶ 20). Abnormal bad faith arises when the defendant "relie[s] on its own subjective belief that a portion of its insurance contract preclude[d] coverage." *Slade*, 747 So. 2d at 306 (internal quotes omitted); *accord Blackburn*, 667 So. 2d at 673 (abnormal bad faith claim based on the defendant's reliance on "its subjective interpretation of policy provisions that are ambiguous and must be interpreted in favor of the insured"). By alleging that Transamerica relied on its own interpretation of a policy provision that does not unambiguously support its position, the complaint implicates the abnormal form of bad faith.[2]

"A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). This requirement exists "in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotes omitted). Transamerica does not cite Rule 8(a), *Twombly*, or any other authority addressing the rule, but it insists repeatedly that the complaint did not provide "fair notice" that it contained a claim of abnormal bad faith.

Transamerica first notes that Count Two is styled, "Bad Faith Failure to Pay Benefits," and it asserts that "'[a]bnormal' bad faith is not a bad faith failure to pay benefits (as Count II of the Complaint is entitled)." (Doc. 67 at 2). But

---

[2] The plaintiff suggests that paragraph 15 also implicates the abnormal form of the tort. (Doc. 77 at 6 n.2). She provides no explanation, and the single authority she cites does not support her position. The Court thus excludes paragraph 15 as a fount of an abnormal bad faith claim.

3

abnormal bad faith requires a failure to pay benefits just as much as normal bad faith does.  "[W]e make it clear that in order to recover under a theory of an abnormal case of bad-faith failure to investigate an insurance claim, the insured must show … that the insurer breached the contract for insurance coverage with the insured *when it refused to pay* the insured's claim."  *Slade*, 747 So. 2d at 318 (emphasis added); *see also Employees' Benefit Association v. Grissett*, 732 So. 2d 968, 976 (Ala. 1998) (listing the elements of the normal and abnormal forms of the tort, with "an intentional refusal to pay the insured's claim" common to both).  Nothing in the style of Count Two misled Transamerica.

Transamerica next complains that Count Two alleges a refusal to pay benefits "in bad faith and without proper justification," which it interprets as "without a debatable reason" – the signature phrase of the normal form of bad faith. (Doc. 67 at 1).  This would be a plausible argument were there no other allegations concerning bad faith found in Count Two.  As noted, however, Count Two both incorporates all prior allegations and asserts bad faith "in the manner set forth in the Complaint" – language that clearly extends the scope of the bad faith claim to the allegations discussed above.

Transamerica points out that the complaint does not use "buzzwords" associated with the abnormal form of bad faith, such as "failure to investigate" or "failure to review." (Doc. 67 at 2).  But it cites no authority for the proposition that "fair notice" requires the use of thaumaturgical language.  As discussed above, the allegations of paragraphs 19 and 20 clearly accuse Transamerica of disregarding the plaintiff's evidence, ignoring a key policy provision, and clinging to an insupportable construction of other provisions – all conduct that the Alabama Supreme Court has recognized as supporting a claim of abnormal bad faith.  Transamerica's insistence – unquestionably true – that its counsel are "[g]ood lawyers who regularly encounter bad faith claims," (Doc. 67 at 3), simply underscores that the wording of the complaint gave Transamerica fair notice of an

abnormal bad faith claim, since such counsel would recognize that these allegations implicate such a claim.

Transamerica appears to argue that it received no fair notice of an abnormal bad faith claim because the allegations discussed above, even if relevant to an abnormal bad faith claim, are also relevant to the normal bad faith claim that Count Two clearly encompasses. (Doc. 91 at 2-4). Transamerica does not explain why, when confronted with allegations that implicate both forms of the tort, it is free to attribute them exclusively to one form or the other. At any rate, the allegations in paragraphs 19 and 20 plainly are primarily, if not exclusively, relevant to an abnormal bad faith claim.

As noted, paragraph 19 accuses Transamerica of "disregard[ing]" the evidence presented by the plaintiff and those associated with her. A normal claim of bad faith depends only on the actual existence vel non of a debatable reason, not on whether the defendant disregarded the evidence presented to it, so the quoted language is superfluous to a normal bad faith claim and meaningful only with respect to an abnormal bad faith claim.

As noted, paragraph 20 alleges that Transamerica engaged in bad faith by the single act of ignoring a key policy provision. It is not possible to engage in the normal form of bad faith simply by ignoring a policy provision, since doing so does not negate the existence of a debatable reason for the denial. This allegation as well is meaningful only with respect to an abnormal bad faith claim.

Finally, Transamerica appears to argue that it was denied fair notice because the complaint does not plead abnormal bad faith with the particularity required by Alabama law. (Doc. 67 at 3; Doc. 91 at 2 n.1). Transamerica cites no authority concluding that such a claim is subject to Rule 9(b), though it does cite a recent decision of this Court leaving the question open due to a similar failure of the defendant to support the proposition. *Austin v. Auto Owners Insurance Co.*, 2012 WL 3101693 at *2 & n.3 (S.D. Ala. 2012). Nor does Transamerica explain how the complaint falls short of the particularity standard, and the Court's review

reveals substantial detail as to what Transamerica did and failed to do, including without limitation the allegations discussed above.  Finally, Transamerica cites no authority for the proposition that the fair notice standard, which is a product of Rule 8(a), requires satisfaction of not only Rule 8(a) but also Rule 9(b).  The Court will not construct or support an argument on Transamerica's behalf.

Even after Twombly, Rule 8(a) remains a "liberal pleading standard." *Harrison v. Benchmark Electronics Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010).  The Eleventh Circuit has repeatedly rebuffed "fair notice" challenges similar to that presented here,[3] and Transamerica has not demonstrated that its challenge should receive a different disposition.

For the reasons set forth above, the plaintiff's motion for determination is **granted**.  The Court concludes that Count Two includes a claim for abnormal bad faith.

Transamerica's pending motion for summary judgment does not address the plaintiff's claim of abnormal bad faith.  The plaintiff urges that Transamerica should be given an opportunity to address this claim by dispositive motion.  (Doc. 64 at 4; Doc. 77 at 1, 11).  The Court agrees.   Accordingly, Transamerica is **ordered** to file and serve any supplemental motion for summary judgment, addressing *only* the abnormal bad faith claim, on or before **November 21, 2012**.  The plaintiff is **ordered** to file and serve any response on or before **December 5, 2012**.  Transamerica is **ordered** to file and serve any reply on or before **December 12, 2012**.  The Court will take under submission any such motion on December 12, 2012.

DONE and ORDERED this 7th day of November, 2012.

> s/WILLIAM H. STEELE
> CHIEF UNITED STATES DISTRICT JUDGE

---

[3] *See, e.g., Harrison*, 593 F.3d at 1214-15; *Aldana v. Del Monte Fresh Produce, Inc.*, 416 F.3d 1242, 1252 n.11 (11th Cir. 2005); *Charles H. Wesley Educational Foundation, Inc. v. Cox*, 408 F.3d 1349, 1352 (11th Cir. 2005).